Morton Brilliant, Plaintiff, *v.* Emmett Raidy et al., Defendants.

Municipal Court of the City of New York, Borough of Queens, May 2, 1947.

*I. Louis Winokur* for plaintiff.

*Ben Lieblein* for Emmett Raidy, defendant.

*Harold Hyman* for " John " Harris, defendant.

CARIELLO, J. Plaintiff brings this action against the defendants to recover the sum of $275. Plaintiff claims defendants were stakeholders and accepted the deposit with them of various sums totalling $275 to be transmitted to a third party, a book-maker, for the purpose of making wagers upon horse racing.

The defendant Raidy agreed that if the plaintiff would deliver certain sums of money to Raidy the night before certain horses were to run, and telephone or advise the said defendant Raidy sometime next· day, prior to the horse racing, what horses he desired to bet on and the amounts of each bet, that the defendant Raidy would place such bets for the plaintiff with a "book-maker."

Plaintiff then telephoned to the place of business of the said defendant Raidy (a bartender at a hotel), and he would mention the names of the horses and the amounts he desired to bet. Defendant Raidy in turn would transmit these bets to a " book-maker." No proof was offered by the plaintiff that could be considered credible, to show that the defendant Raidy or even the defendant Harris was a "book-maker."

The defendants, Emmett Raidy and Jimmy Harris, were both occupied for their livelihood in their own respective businesses or occupation, Raidy being employed as a bartender and Harris as a longshoreman.

The defendants received no compensation for any of the services that may have been rendered on behalf of the plaintiff, and said services were entirely gratuitous.

The races having been run and the horses upon which plaintiff wagered having lost, plaintiff brings this action against defendants based upon section 994 of the Penal Law, which provides as follows: " Any person who shall pay, deliver or deposit any money, property or thing in action, upon the event of any wager or bet prohibited, may sue for and recover the same°of the winner or person to whom the same shall be paid or delivered, and of the stakeholder or other person in whose hands shall be deposited any such wager, bet or stake, or any part thereof, whether the same shall have been paid over by such stakeholder or not, and whether any such wager be lost or not."

Plaintiff argues that the defendants even though rendering gratuitous services, come within the provisions of the statute which provides: " * * * or person to whom the same shall

be paid or delivered, and of the stakeholder or other person in whose hands shall be deposited any such wager, bet or stake * * * ''

At common law no action could be maintained for the recovery of money lost at gambling. (*Meech* v. *Stoner,* 19 N. Y. 26.)

This statute is remedial of the common law, and is in contravention of the common law; as such it must be strictly construed.

A stakeholder is one who holds a wager pending the outcome of an event, and then pays the same to the winner. Here the plaintiff testified that he gave the money to the defendant Raidy the night before, pending his instructions the following day, to transmit same to the '' book-maker.'' Obviously, even in this, the book-maker had the money before the race was run and the defendant did not hold same to abide any event.

Agency is defined by the American Law Institute as the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act.

In Hunter on Roman Law (4th ed., p. 622) it is stated: '' Although bound by states of facts a doubt may arise whether a person is an agent, yet there is a broad distinction between a messenger (Nuntius) and an agent, a messenger, like a letter, is simply a medium of communication; he exercises no judgment of his own, he merely repeats what is told him. An agent, on the other hand, acts on his own judgment, of course, within the limits of his instructions. These instructions may be minute and precise, leaving little to the exercise of the agent's judgment, but unless they do away with the necessity of his judgment altogether, the agent is distinguishable from a mere messenger.''

The court finds that for reasons best known to the plaintiff himself he did not place his bets personally with the book-maker himself, but he devised this system of indirect transmittal whereby he exercised the sole discretion and control over the amount of money which was to be wagered, the specific horses upon which the wagers were to be made, the sole discretion as to whether to make or to change or withdraw a wager and that he merely used the defendant Raidy as a messenger to transmit the moneys, the names of the horses upon which he desired to wager, the amounts he desired to wager on each, and all other specific and general instructions, leaving the defendant Raidy no discretion whatsoever. The defendant Harris played an even further subordinate role in that the court finds that upon the believable, credible evidence, he was merely a messenger for the defendant Raidy, who himself was a messenger.

The cases of *Storey* v. *Brennan* (15 N. Y. 524), *Ruckman* v. *Pitcher* (1 N. Y. 392), *Bamman* v. *Erickson* (288 N. Y. 133) and *Watts* v. *Malatesta* (237 App. Div. 558) have been considered and distinguished both as to the facts and the law and considered not controlling upon the facts found herein.

Accordingly, the court finds the facts herein do not come within the provisions of section 994 of the Penal Law, and that both defendants are entitled to judgment against plaintiff, dismissing plaintiff's complaint.